IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Frac Shack Inc., | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. ___1:18-cv-00660___ |
| Alaska Fuel Distributors Inc. d/b/a AFD Petroleum, | § § § § | Jury |
| *Defendant.* | § § | |

**PLAINTIFF FRAC SHACK INC.'S ORIGINAL COMPLAINT
AGAINST ALASKA FUEL DISTRIBUTORS INC. D/B/A AFD
PETROLEUM FOR PATENT INFRINGEMENT**

## NATURE OF THE ACTION

1.  This action arises under the patent laws of the United States for infringement of one or more claims of U.S. Patent No. 10,029,906 (issued July 24, 2018) to J. Todd Van Vliet, Scott M. Van Vliet, and Glen M. Brotzel, titled "Fuel Delivery System and Method" ("'906 Patent") found at Exhibit 1.

## PARTIES

2.  Plaintiff Frac Shack Inc. ("Frac Shack") is a Canadian company organized and existing under the laws of Canada with a principal office at #136, 25901—114 Ave., Acheson, Alberta, T7X 6E2, Canada.

3.  On information and belief, Alaska Fuel Distributors Inc. is an Alaskan corporation located at 412 East Van Horn Road, Fairbanks, AK 99701, was previously known as Fairbanks Fuel Distributors Inc., and does business in Texas under the fictious name of AFD Petroleum ("AFD").

4.  On information and belief, AFD Petroleum Ltd. is an alien affiliated Canadian entity, located at 1444 78TH Avenue NW, Edmonton, AB T6P1L7, Canada.

5.  On information and belief, AFD Holdings Inc. is an alien affiliated Canadian entity, located at 1444 78TH Avenue NW, Edmonton, AB T6P1L7, Canada, and 100% shareholder of AFD.

6. On information and belief, Global Engineering Solutions Limited ("GES") is an affiliated entity and manufacturing arm of AFD Petroleum Ltd.

7. On information and belief, GES is operated by Mr. Shayne Lowrie ("Mr. Lowrie"), who works for AFD Petroleum Ltd.  Mr. Lowrie maintains a work-share office space at Regus Shui On 2/F Shui On Centre, 6-8 Harbour Road, Wanchai, Hong Kong.  However, on information and belief, Mr. Lowrie also maintains a postal address of C/O AFD Petroleum Ltd., 1444-78 Ave., Edmonton, Alberta, T6P 1L7, Canada, the address of AFT Petroleum Ltd and AFD Holdings Inc.

## SUBJECT MATTER JURISDICTION

8. This is a civil action for infringement under U.S. CODE TITLE 35—PATENTS, alleging infringement under CHAPTER 28—INFRINGEMENT OF PATENTS, and requesting remedies under CHAPTER 29—REMEDIES FOR INFRINGEMENT OF PATENT, AND OTHER ACTIONS.

9. This Court has subject matter jurisdiction at least under 28 U.S.C. §§ 1331 and 1338(a), the latter providing that "[t]he district courts shall

have original jurisdiction of any civil action arising under any Act of Congress relating to patents."

## **PERSONAL JURISDICTION**

10. The Court has specific personal jurisdiction over AFD because AFD performed acts by which AFD purposefully availed itself of the benefits and protections of the laws of the State of Texas, and the present litigation results from injuries arising from AFD's activities in this state as described herein.

11. Specifically, upon information and belief, AFD is authorized to do business in Texas, and is doing business in Texas under the assumed name AFD Petroleum through its Midland Office located at 11407 WCR 33, Midland, TX, 79705.  AFD may be found for service of citation by serving its registered agent, Universal Registered Agents, Inc., 412 South Morgan Street, Granbury, TX 76048.

12. Additionally, upon information and belief, a patent application describing an embodiment corresponding to one of the devices which AFD uses for performing infringing acts, a frac trailer known as the "OctoFueler" (see ¶¶25–28) was assigned by its purported inventor, Mr. Lowrey, to AFD Petroleum Ltd. in Midland, TX.

## VENUE

13. Venue in patent cases is governed by 28 U.S.C. § 1400(b), which says that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

14. Upon information and belief, AFD has a regular and established place of business in this judicial district (see ¶11 above).

15. Upon information and belief, AFD has committed acts of infringement in this judicial district by practicing the patented method described in the '906 Patent and recounted in this complaint.

## FACTUAL BACKGROUND

16. The '906 Patent was duly and legally issued to Frac Shack Inc. on July 24, 2018, and Frac Shack has all substantial rights to the '906 Patent, including the right to sue and recover for all past, present, and future damages for infringement.

17. The '906 Patent is presumed valid and enforceable.

18. The '906 Patent claims priority to U.S. Patent No. 9,346,662 filed February 16, 2011 ("'662 Patent"), which claims the benefit of U.S.

Provisional Application No. 61/305,320 filed on February 17, 2010 ("Effective Filing Date").

19. The '906 Patent also claims priority to Canadian Patent 2,693,567 (filed Feb. 16, 2010) (issued Sept. 23, 2014) ("'567 CA Patent").

20. The Canadian Federal Courts have found some of AFD's frac trailers to have infringed the '567 CA Patent.

21. The '906 Patent's invention advanced the state of affairs at the Effective Filing Date, whereby fracing equipment was being refueled by the "well known method of manually discharging fluid from a fuel source into each fuel tank one after the other." [Ex. 1 at 1:13–14.] That is, a person would drag a hose between extremely large vehicles containing high pressure pumping equipment, manually examine the level of fuel in the tank (often with a dipstick), and, if necessary, discharge flammable liquid under risk arising from "extreme operating temperatures and pressures, extreme noise levels, and fire hazard from fuel and fuel vapours [sic (British spelling)]." [*Id.* at 1:19–21.] This serial, visual, and manual operation in the "hot zone" was also accompanied by the risk "that a fuel tank of equipment at a well site during fracturing of a well [would] run out of fuel" [*id.* at 1:26–27], possibly damaging the well or requiring the entire job to be repeated [*id.* at 1:16–17].

22. To resolve this dangerous and inefficient situation, the patentees invented a method of continuously fueling frac equipment during the fracturing of a well illustrated by a disclosed embodiment that was "portable and transportable to various well sites" [*id.* at 2:33–34], that would securely attach to disparate equipment [*id.* at 3:16–17], that could be quickly setup "in whatever arrangement the well operator ha[d] requested that the fracturing equipment be placed around the well" [*id.* at 5:46–49], and that would keep the equpiment fueled throughout the fracing of th well.

23. Frac Shack Inc.'s U.S. subsidiary practices the '906 Patent's invention with a commercial system called the "Frac Shack" in the United States.

24. On information and belief, AFD has been aware of the application for the '906 Patent before the '906 Patent issued.

25. On information and belief, AFD has been, is, and will continue to practice the '906 Patent invention with a frac trailer AFD calls the "OctoFueler" and "Onsite Refuelling [sic (British spelling)] System" ("ORS," collectively "AFD Frac Refueling Systems") by performing the methods described herein below.

26. On information and belief, AFD Petroleum Ltd. filed Provisional Patent Number 62/378,394 and U.S. Utility Patent Application 15/684,781

("'781 Application") which for the OctoFueler is a commercial embodiment of the claimed invention.

27. On information and belief, the inventor listed on the '781 Application is Mr. Shayne Lowrie.

28. On information and belief, Mr. Lowrie assigned the entire right title and interest to the invention described in the '781 Application to AFD Petroleum Ltd on or about August 22, 2016 in Midland, Texas.

29. On information and belief, when AFD is using the AFD Frac Refueling Systems, AFD is performing a method for fuel delivery to selected fuel tanks of pieces of equipment including pumpers and blenders at a well site during fracturing of a well, wherein the selected fuel tanks have caps on the fuel tanks the method, and where in the method reduces the likelihood of blenders and pumpers at a well site running out of fuel during fracturing of a well, including, but not limited to:

   a. transporting the AFD Frac Refueling Systems, including a fuel source, to the well site on a trailer or trailers;

   b. wherein the AFD Frac Refueling System includes hoses, each hose having a fuel delivery connection for connecting the hose to a respective fuel tank;

   c. storing the hoses on reels;

d.  removing the caps from the selected fuel tanks;

e.  attaching the hoses to the selected fuel tanks using the fuel delivery connections;

f.  supplying fuel through a manifold to the hoses;

g.  providing fuel to the selected fuel tanks through the fuel delivery connections;

h.  logging fuel consumption while pumping fuel;

i.  catching spills from the manifold;

j.  pumping fuel from the fuel source through hoses in parallel to each of the fuel tanks;

k.  controlling fluid flow in each hose in response to fuel levels in the fuel tanks of the blenders and pumpers.

l.  controlling fluid flow through each hose independently of flow in other hoses;

m. controlling fluid flow in each hose via an operator controlling a respective valve between the fuel source and a corresponding fuel tank of the selected fuel tanks.

n.  preventing spills at each fuel tank by providing fuel flow to each fuel tank through a fuel cap on the fuel tank; and

   o. providing a hose with an auto nozzle fitting and supplying fuel from the fuel source through the hose to a piece of equipment other than a pumper or blender.

30. On information and belief, AFD received imported AFD Frac Refueling Systems in the United States after the Canadian courts found the systems to infringe the '567 CA Patent.

31. On information and belief, AFD uses its AFD Frac Refueling Systems in the United States for refueling during frac operations, including operations occuring in this judicial district.

32. On information and belief, AFD uses, offers to sell, and does sell service of the AFD Frac Refueling Systems from its Midland, Texas Office.

33. On information and belief, the OctoFueler is manufactured by GES in China and imported into the United States for AFD's use in this judicial district.

34. AFD's continued infringement is causing severe and irreparable harm to Frac Shack's U.S. subsidiary, by interfering with Frac Shack's exclusive patent rights, confusing its customers, interfering with its market position, causing price erosion, causing lost profits, harming its reputation and causing loss of goodwill.

35. A preliminary injunction is necessary to prevent any near-term infringement of the '906 Patent and any near-term, severe and irreparable harm to Frac Shack's business that will unquestionably result from AFD's long-term infringement of the '906 Patent.

36. AFD's infringement of the '906 Patent has been and is willful, deliberate and in disregard of Frac Shack's patent rights, and Frac Shack is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees pursuant to 35 U.S.C. §§ 284–85.

37. A remedy at law will not suffice in place of a permanent injunction.

## COUNT I—PATENT INFRINGEMENT

38. The facts and allegations as stated in paragraphs 1 to 37 are incorporated by reference.

39. Publicly available information shows AFD has directly infringed, literally or under the doctrine of equivalents, at least claims 2, 8, 10, 18–19, 28, 30, 32–34, 37–38, 40–42, 45, 47 of the '906 Patent with the OctoFueler and the ORS by making, using, selling, offering to sell and/or importing into the United States, without authority, the infringing use of its AFD Frac Refueling Systems in the State of Texas and the United States without a license to the '906 Patent.  Upon a reasonable opportunity for discovery, it is likely that Frac Shack will be

able to identify additional claims which AFD infringes, including in the '906 Patent **and also the '662 Patent**.  At such time that Frac Shack obtains sufficient evidentiary support after a reasonably opportunity for further investigation or discovery, Frac Shack will amend its Complaint with allegations reflecting such additional infringement.

40. Claim charts based upon limited publicly available information and illustrating how AFD's use of its Frac Refueling Systems infringes the '906 Patent **via an exemplary claim** are attached at Exhibits 2 and 3.

## DEMAND FOR JURY

41. Plainitff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Frac Shack prays for judgment against AFD as follows:

A. A declaration that AFD has infringed one or more claims of the '906 Patent;

B. A preliminary and permanent injunction preventing each defendant and its officers, directors, agents, servants, assigns, and those in active concert and participation with any of them from infringing the '906 Patent;

C. A ruling that this case be found exceptional under 35 U.S.C. § 285, and a judgment awarding Frac Shack its reasonable attorneys' fees and costs incurred with prosecuting this action;

D. A judgment that requires AFD  to pay Frac Shack damages under 35 U.S.C. § 284, including supplemental damages for any continuing, post-verdict infringement until the entry of final judgment, with an accounting as necessary;

E. A judgment that AFD's infringement is willful and award Frac Shack enhanced damages pursuant to 35 U.S.C. § 284, up to and including trebling Frac Shack's damages, based on AFD's willful infringement of the '906 Patent;

F. A judgment and order requiring that in the event a permanent injunction preventing further acts of infringement is not granted, that Frac Shack be awarded a compulsory ongoing licensing fee;

G. A judgment awarding Frac Shack costs under 28 U.S.C. § 1920; and

H. Such other legal and equitable relief to which Frac Shack is entitled or which this Court deems just and proper.


Dated:   August 6, 2018                       Respectfully submitted,
                                               s/ Edward Goldstein
                                              Edward W. Goldstein
                                               GOLDSTEIN LAW, PLLC

710 N. Post Oak, Suite 120
Houston, Texas 77024
Tel: (832) 209–4208
egoldstein@gliplaw.com

_s/ Gary J. Fischman_
Gary J. Fischman
 *pro hac vice application pending*
 FISCHMAN LAW PLLC
 710 N. Post Oak Rd. Suite 105
 Houston, Texas 77024
 Tel: (713) 900–4924
 fischman@fischmaniplaw.com

_s/ Joshua S. Wyde_
Joshua S. Wyde
 THE LAW OFFICE OF JOSHUA S WYDE
 710 N. Post Oak Rd. Suite 105
 Houston, TX 77024–3808
 Tel: (713) 482–1916
 Fax: (713)466–6563
 jwyde@wydelegal.com

*Attorneys for Plaintiff Frac Shack Inc.*